# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

RAEKWON D. ESLOW,

    Plaintiff,

v.                                                     Case No.:   2:19-cv-313-FtM-60NPM

SECRETARY, DOC and CENTURION
HEALTH CARE,

    Defendants.
_____/

## OPINION AND ORDER

Pending before the Court is "Defendant Secretary of the Florida Department of Corrections, Mark Inch's, Motion to Dismiss Plaintiff's Complaint with Prejudice and Memorandum of Law," filed on November 22, 2019. (Doc. 21). Defendant seeks dismissal of the Complaint based on: (1) Plaintiff's failure to exhaust his administrative remedies; (2) failure to state a claim, and (3) Eleventh Amendment immunity. (*Id*. at 2, ¶ 4). Defendant attaches exhibits to support the Motion. (Docs. 21-1; 21-2). On December 27, 2019, after not receiving a response to the Motion, the Court notified Plaintiff that Defendant sought dismissal based on his alleged failure to exhaust his administrative remedies and afforded Plaintiff fourteen (14) days to respond to the Motion. *See* (Doc. 22). The Court told Plaintiff his failure to respond to the Motion may result in a dismissal of this action without further notice. (*Id*.). Plaintiff did not respond to the Motion. *See generally* Docket. The Court grants the Motion and dismisses Plaintiff's Complaint with prejudice as to both Defendants.[1]

---

[1] The Court has been unable to effectuate service upon Defendant Centurion Health Care. *See (*Docs. 15; 19). Because the Court finds the exhaustion requirement of the Prison Litigation Reform Act bars the Complaint, it would be futile to reattempt service on Defendant Centurion.

Plaintiff, a Florida prisoner incarcerated in the Florida Department of Corrections (DOC), brought a civil rights action under 42 U.S.C. § 1983 against the Secretary of the DOC and DOC's healthcare provider, Centurion Health Care, alleging an Eight Amendment violation. (*See generally* Doc. 1).  According to the Complaint, an unidentified inmate stabbed Plaintiff in his arm and pinky finger on December 21, 2016.  (*Id*. at 4-5).  Plaintiff claims Defendants did not administer a "technical" shot, which resulted in the amputation of Plaintiff's pinky finger.  (*Id*. at 5).  Plaintiff sues the Secretary in his official capacity.  (*Id*. at 3).  Plaintiff requests $75,000 in compensatory and punitive damages as relief.  (*Id*. at 5).

The Prison Litigation Reform Act (PLRA) requires an inmate to first exhaust all available administrative remedies before asserting any claim under 42 U.S.C. § 1983.  *See* 42 U.S.C. § 1997e(a).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see also Pavao v. Sims*, 679 F. App'x 819, 823 (11th Cir. 2017) ("The prison's requirements, and not the PLRA, define the boundaries of proper exhaustion, so 'the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim.'") (*quoting Dimanche v. Brown*, 783 F.3d 1204, 1211 (11th Cir. 2015)).  The Eleventh Circuit has held that a defense of failure to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement and is "a precondition to an adjudication of the merits." *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008).  Procedurally, the defense is treated "like a defense for lack of jurisdiction[,]" although it is not a jurisdictional matter.  *Id*.

In matters of exhaustion, courts may hear evidence outside of the record at the motion to dismiss stage.  *Id*. at 1377 n.16.  The parties may submit documentary evidence about the exhaustion issue and doing so will not convert a motion to dismiss into one for summary

judgment.  *Id*.  In addition, the district court may resolve factual questions about a plaintiff's alleged failure to exhaust, if the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.  *Id*. at 1376.  When confronted with an exhaustion defense, courts employ a two-step process:

> First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true . . . .  Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust.

*Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015) (internal citations omitted).

Inmates confined within the Florida Department of Corrections generally must complete a three-step process within a set time frame to properly exhaust administrative remedies: "(1) file an informal grievance with a designated prison staff member; (2) file a formal grievance with the institution's warden; and then (3) submit an appeal to the Secretary of the FDOC."  *Dimanche*, 783 F.3d at 1211 (citation omitted); Fla. Admin. Code r. 33-103.001 through 33-103.018.  Time frames for filing a grievance and appealing the denial of a grievance are set forth in the rules.  Fla. Admin. Code r. 33-103.011.  If an inmate does not receive a timely institutional response, the inmate may proceed to the next step.  Fla. Admin. Code r. 33-103.011(4).

Plaintiff did not respond to the Motion but alleges he exhausted his administrative remedies in his Complaint.  (Doc. 1 at 7).  Defendant denies that Plaintiff exhausted his administrative remedies and attaches exhibits to demonstrate Plaintiff did not properly exhaust his claim consistent with the DOC's administrative rules.  *See* (Doc. 21-1; 21-2).  The exhibits demonstrate Plaintiff filed a formal grievance with the Warden on May 17, 2017 (log # 1705-320-065), which stated Plaintiff was stabbed on December 21, 2016, seen by medical staff, and

that the nerves in his hand had continued to deteriorate due to improper medical care. (Doc. 21-1 at 2). On June 5, 2017, Dr. Jason Brenes, Medical Director, responded to and denied Plaintiff's formal grievance stating, "it is a clinical decision to determine the appropriate treatment regimen for the condition you are experiencing." (*Id*. at 1). The response told Plaintiff he had the right to file an appeal and advised of the form to complete and applicable rules to appeal. (*Id*.). Plaintiff did not file an appeal of the denial of his formal grievance within 15 days to the Secretary of DOC as required by the administrative rules. Fla. Admin. Code r. 33-103.007 and r. 33-103.011. Thus, Plaintiff failed to properly and timely follow DOC's grievance procedures relating to his claim of inadequate medical treatment.

Approximately a year later, on May 8, 2018, Plaintiff submitted an appeal (log # 18-6-19758) directly to the Secretary of DOC. (Doc. 21-2). In his appeal, Plaintiff claims his pinky finger was amputated on June 1, 2017, that he continued to experience pain treated only by Ibuprofen, and that he was denied physical therapy or access to a specialist per his requests. (*Id*. at 2). On May 14, 2018, Plaintiff's appeal was returned ***without action*** due to his non-compliance with grievance procedures which required Plaintiff to file a formal grievance before submitting an appeal. (*Id*. at 1). The response permitted Plaintiff 15 days to cure his noncompliance by submitting a formal grievance as required by Fla. Admin. Code r. 33-103.006 at his current location. (*Id*.). DOC has no record of Plaintiff filing a formal grievance or a corrected appeal. (Doc. 21 at 6). And, nothing in the record suggests otherwise. Because the Court finds the unrefuted facts and evidence demonstrate Plaintiff did comply with the DOC's administrative grievance process regarding his claim, the Complaint must be dismissed under the PLRA and the Court need not consider Defendant's other merits-based reasons for dismissal.

Accordingly, it is hereby

**ORDERED, ADJUGED,** and **DECREED**:

1. Defendant Secretary of the Florida Department of Corrections Mark Inch's Motion to Dismiss Plaintiff's Complaint (Doc. 21) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED** as to all Defendants pursuant to 42 U.S.C. § 1997e(a).

3. The Clerk shall enter judgment, terminate any pending motions as moot, and close this file.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, on this 8th day of June, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1

Copies furnished to:

Counsel of Record
Unrepresented Parties